IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEKENTA BARDLETTE,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>HONOLULU POLICE DEPARTMENT; THE KALIA INC.; MOANA REALTY LLC; ALLIED UNIVERSAL SECURITY SERVICES,<br><br>　　　　Defendants. | CIV. NO. 24-00463 JMS-KJM<br><br>ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, ECF NO. 9; AND (2) DISMISSING COMPLAINT, ECF NO. 1, WITH LEAVE TO AMEND |

**ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, ECF NO. 9; AND (2) DISMISSING COMPLAINT, ECF NO. 1, WITH LEAVE TO AMEND**

**I. INTRODUCTION**

On October 28, 2024, pro se Plaintiff DeKenta Bardlette ("Plaintiff") filed a Complaint against Defendants Honolulu Police Department ("HPD"), The Kalia Inc. ("The Kalia"), Moana Realty LLC ("Moana Realty"), and Allied Universal Security Services ("AUSS")—all in their "official" capacities. ECF No. 1 at PageID.2–3. Because the court was unable to determine whether Plaintiff satisfied the requirement of poverty or whether requiring him to pay the $405 filing fee would result in his inability to afford the necessities of life, the court denied without prejudice Plaintiff's first two Applications to Proceed in District Court

Without Prepaying Fees or Costs ("IFP Application"). *See* ECF Nos. 4 & 6 (IFP Applications), 5 & 7 (Orders denying without prejudice IFP Applications). On December 20, 2024, Plaintiff filed a third IFP Application. ECF No. 9. For the reasons set forth below, the court GRANTS the third IFP Application, and DISMISSES the Complaint with leave to amend.

## II.  IFP APPLICATION

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating that he is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

When reviewing a motion pursuant to § 1915(a), the court must determine whether the plaintiff has alleged poverty "with some particularity, definiteness and certainty." *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). Although § 1915(a) does not require a litigant to demonstrate "absolute[] destitut[ion]," *Adkins*, 335 U.S. at 339, the applicant must nonetheless

2

show that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

The court has reviewed Plaintiff's IFP application and determines this time that he has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees). The court, thus, grants Plaintiff's IFP application.

### III. BACKGROUND

Plaintiff attempts to assert a 42 U.S.C. § 1983 claim for alleged violation of "1st Amendment Rights to Assemble." ECF No. 1 at PageID.3. Plaintiff alleges that at around 12:30 p.m. on October 3, 2024, he was injured outside the back gate along Hobron Road at The Kalia.[1] *Id*. at PageID.4. He alleges that "[a]ll parties involved wanted to issue a criminal trespass without any proper notice of eviction." *Id*. He alleges that The Kalia "read out the trespass and deemed that [he] was unsafe and should not be allowed in the vicinity" and that throughout the incident, the HPD harassed him. *Id*. Plaintiff alleges that he himself called Emergency Medical Services and was in the emergency room for six hours after the incident. *Id*. at PageID.5. He allegedly sustained muscle strain in his lower back, which required him to consume pain medication, including

---

[1] The Kalia is a condominium complex in Waikiki. Although not clear from the Complaint, it appears that Plaintiff resides at The Kalia.

3

oxycodone. *Id*. He alleges "trace amounts of blood found in [his] urinalysis 2 weeks after the incident." *Id*.

Plaintiff claims the following against Defendants: HPD and The Kalia—Harassment; Moana Realty—Conspiring; and AUSS—Gross Negligence. *Id*. at PageID.4. He seeks $3.1 billion "for the violation of Civil Rights by all parties involved." *Id*. at PageID.5.

## IV.  STATUTORY SCREENING

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *see Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Likewise, a

complaint fails to state a compensable claim, and therefore should be dismissed, when—viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff—the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

    Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint and resolves all doubts in Plaintiff's favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).  When a claim cannot be saved by amendment, dismissal

with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## V. **DISCUSSION**

**A.    Defendant HPD**

As stated, Plaintiff names as a Defendant the HPD in its "official capacity." *See* ECF No. 1 at PageID.2.

"The Honolulu Police Department is a division of the City and County of Honolulu and is not separately subject to suit under § 1983." *Oyadomari v. Sutherland-Choy*, 2020 WL 61573, at *2 n.6 (D. Haw. Jan. 6, 2020) (citations omitted). Thus, "[c]laims against a municipality and its respective police department are treated as claims against the municipality." *Gomes v. County of Kauai*, 481 F. Supp. 3d 1104, 1110 (D. Haw. 2020). Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality can be "sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id*. at 690–91. In addition, a municipality can be liable under § 1983 for a "failure to train" when "the failure to train amounts to deliberate

indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A municipality cannot be held liable under § 1983 "solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (italics omitted).

Thus, a plaintiff can allege municipal liability under § 1983 in any of three ways. First, a municipality can be liable when it or a person with final policymaking authority within the municipality expressly enacts or authorizes a policy respecting a challenged action. *Id.* at 690; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482–83 (1986) ("The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable."). In this regard, a municipality can also be liable when a final policymaker "ratifie[s]" a subordinate's conduct and the basis for it. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066–67 (9th Cir. 2013). Second, a municipality can be liable for a custom that, although not expressly enacted, is "so permanent and well settled" it operates with the force of law. *Monell*, 436 U.S. at 691 (internal quotation marks omitted). Third, a municipality can be liable for a failure to train its employees when such failure amounts to deliberate indifference towards the rights of its inhabitants. *City of Canton*, 489 U.S. at 388–89. In addition, a plaintiff must allege that a policy, custom, or failure to train actually

7

caused a municipality's employee to commit the constitutional deprivation. *Id.* at 391; *cf. Monell*, 436 U.S. at 694–95.

Here, Plaintiff has not plausibly alleged municipal liability under any applicable theory. The facts alleged—that the HPD harassed Plaintiff throughout the incident,[2] ECF No. 1 at PageID.4—fail to establish a claim, much less describe any well-settled and permanent practices within the HPD. *See Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 884 (9th Cir. 2022) ("[A plaintiff] cannot allege a widespread practice or custom based on isolated or sporadic incidents; [liability] must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.") (quotation marks and citations omitted) (alteration in original). Plaintiff's claims against Defendant HPD are, therefore, DISMISSED. *See Scaperotta v. Kauai Police Dep't*, 2021 WL 1009293, at *3 (D. Haw. Mar. 16, 2021) (dismissing claims against the Kauai Police Department).

And even if Plaintiff intended to name HPD officials in their individual capacities, the Complaint still fails to state a claim. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or

---

[2] Allegations pertaining to the "incident" itself are lacking and insufficient to state a claim. *See* ECF No. 1 at PageID.4.

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  To survive screening, Plaintiff must thus allege facts permitting a plausible inference that he has suffered deprivation of a constitutional right, within the meaning of § 1983, and that the violation was committed by a person acting under color of state law.  *See McCoy v. State of Haw. Dep't of Human Serv.*, 2021 WL 5040197, at *8 (D. Haw. Oct. 29, 2021) ("[S]tate officials, sued in their individual capacities, are 'persons' within the meaning of § 1983.") (quoting *Hafer v. Melo*, 502 U.S. 21, 31 (1991)).

        Plaintiff fails to identify any specific person or what any specific person did that deprived him of a constitutional right.  Instead, the Complaint alleges "Honolulu Police Department—Harassment," without any allegation of the specific wrongdoing that any HPD official committed in violation of any rights protected by § 1983.

**B.**    **Defendants The Kalia, Moana Realty, and AUSS**

        Plaintiff also names as Defendants The Kalia, Moana Realty, and AUSS in their "official" capacities.  *See* ECF No. 1 at PageID.2–3.  These Defendants are, however, private parties—which, generally, do not act under color of state law.  *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).  To state a

claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The second prong may be met with a showing of "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n.18 ("[C]onduct satisfying the state-action requirement of the Fourteenth Amendment satisfies the statutory requirement of action under color of state law [under § 1983]."). This requirement "excludes from [§ 1983's] reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citation omitted).

      A private party may, under limited circumstances, act under color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002) ("A private individual's action may be 'under color of state law' where there is 'significant' state involvement in the action.") (quoting *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997)). The Ninth Circuit recognizes "at least four different criteria, or tests, used to identify state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835–36 (9th Cir.

1999)). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id*. But under any of the four tests, "the central question remains whether the alleged infringement of federal rights [is] fairly attributable to the government." *Id*. at 1096 (citation and internal quotation marks omitted).

To establish joint action, a plaintiff must show willful, joint participation between the state and a private actor in which "the state has so far insinuated itself into a position of interdependence with the private [actor] that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Florer v. Congregation Pidyon Shevuyim, N.A*., 639 F.3d 916, 926 (9th Cir. 2011) (citations and quotation marks omitted).

Here, even liberally construed, the Complaint fails to allege any facts showing that any private-party Defendant—The Kalia, Moana Realty, or AUSS—meets any one of the four tests identifying state action or is otherwise a state actor. The Complaint fails to allege the required "substantial degree of cooperation," *Todd v. Whitaker*, 2016 WL 4216777, at *2 (D. Or. Aug. 8, 2016), or coordinated action between the HPD and the other Defendants to establish joint action. Nor does the Complaint allege that the HPD was in a position of interdependence with any private-party Defendant, i.e., that the HPD knowingly accepted benefits from

11

the allegedly unconstitutional actions of The Kalia, Moana Realty, or AUSS. In sum, the Complaint falls far short of alleging facts sufficient to show that any private-party Defendant was a state actor. Thus, Plaintiff's § 1983 claim is DISMISSED for failure to state a claim against Defendants The Kalia, Moana Realty, and AUSS.

## VI.  LEAVE TO AMEND

Plaintiff's Complaint is DISMISSED as detailed above pursuant to 28 U.S.C. § 1915(e)(2). Because the court cannot say that it would be impossible for Plaintiff to allege sufficient facts to state his claims, the court grants Plaintiff leave to amend the Complaint on or before **February 14, 2025**, in an attempt to cure the deficiencies noted in this Order. Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii if he amends his pleading. And the amended complaint must be designated as an "Amended Complaint." An amended complaint generally supersedes the original complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). The court will not refer to the original complaint to make an amended complaint complete, although it will not ignore contradictory statements of fact between an original and amended complaint. Local Rule 10.4 requires that an amended complaint be complete in itself without reference to any prior pleading.

Defendants not named in the caption and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 ("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended complaint to preserve them for appeal . . . [b]ut . . . claims [that are] voluntarily dismissed [are] . . . waived if not repled."). If Plaintiff chooses to file an amended complaint, he must write short, plain statements telling the court: (a) the constitutional or statutory right Plaintiff believes was violated; (b) the specific basis of this court's jurisdiction; (c) the name of the defendant who violated that right; (d) exactly what that defendant did or failed to do; (e) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (f) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. And Plaintiff may include only one claim per count.

## VII. CONCLUSION

For the reasons stated:

(1) The IFP Application, ECF No. 9, is GRANTED;

(2) The Complaint, ECF No. 1, is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B);

(3) Plaintiff may file an amended complaint that attempts to cure the

deficiencies set forth above by **February 14, 2025**;

    (4) Failure to amend the Complaint by **February 14, 2025**,

and cure its pleading deficiencies will result in automatic dismissal of this action.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, January 14, 2025.



    /s/ J. Michael Seabright
    J. Michael Seabright
    United States District Judge